Sherrill AVANTS *v.* STATE of Arkansas

CR 74-83                                     513 S.W. 2d 805

Opinion delivered September 23, 1974

*Robert A. Newcomb,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

LYLE BROWN, Justice. This appeal is from a conviction of first degree rape for which a thirty-year sentence was imposed. Only those facts which are pertinent to a discussion of the points for reversal need be related.

Point I. *The refusal to grant appellant's motion to dismiss denied*

*him a right to a speedy trial.* Appellant was charged on November 11, 1973, and held without bail. Trial was set for February 4, 1974, but was postponed at the request of the State and rescheduled for March 4, 1974. Again the trial was postponed at the request of the State and rescheduled for March 26, 1974. As a result of the recited continuances appellant filed a motion to dismiss for failure of the State to give him a speedy trial. [Appellant does not contend our statute restricting the number of court terms that an accused may be incarcerated before trial was violated. Ark. Stat. Ann. § 43-1708 (Repl. 1964).] The court denied the motion but directed that appellant be released on his own recognizance awaiting a trial date. See *Ray* v. *State,* 254 Ark. 74-B, 491 S.W. 2d 585 (1973).

Appellant makes no showing of prejudice as a result of the continuances. He did not attempt to show that the continuances were granted without good cause. Furthermore, the time spent in jail awaiting trial was credited against his sentence. Lapse of time between the filing of the charge and the trial date is only one factor to be considered in passing on the question of whether the constitutional right to a speedy trial has been violated. An important factor is a showing of prejudice. *Barker* v. *Wingo,* 407 U.S. 514 (1972). The point is without merit.

Point II. *The trial court erred in allowing non-expert witnesses to give opinion testimony as to whether a stain on a jacket was blood and whether an object was a human tooth.* Appellant left his jacket in the car of the prosecuting witness. It was introduced in evidence without objection. When the prosecuting witness identified the jacket she pointed out blood stains thereon. There was no objection to the testimony. Later in the course of the trial, the husband of the prosecuting witness identified the stains as being blood, to which appellant objected. If it was error to permit the husband to identify the stain as blood it was harmless error because the jacket had already been introduced and the prosecuting witness had been permitted to identify the stains as blood. *Eddington* v. *State,* 225 Ark. 929, 286 S.W. 2d 473 (1956).

The prosecuting witness testified that in the course of her resistance she struck appellant in the mouth with a wrench. She examined her car the next morning and found a tooth. Appellant testified he had lost a tooth that night but

insisted that it was knocked out in a scuffle with a male friend. The prosecuting witness was permitted to exhibit the tooth and to testify it was the one she found. Appellant contends the tooth could only be identified as a human tooth by an expert witness. The prosecuting witness testified she knocked out one of appellant's teeth and that appellant complained to her that he lost a tooth in the scuffle. Expert testimony was not necessary to enable the jury, based on their own experiences and the evidence presented, to ascertain whether the tooth came from appellant's mouth. *Bailey* v. *State*, 255 Ark. 34, 498 S.W. 2d 859 (1973).

Point III. *The trial court erred in allowing pictures of the victim's face to be introduced into evidence.* We do not agree. The pictures certainly corroborated the testimony of the prosecuting witness that she resisted appellant's advances and that she was physically subdued into the act of intercourse. We cannot say the court abused its discretion. Since they were otherwise admissible, the fact they might tend to prejudice the jury does not render them inadmissible. *Oliver* v. *State,* 225 Ark. 809, 286 S.W. 2d 17 (1956).

Point IV. *The verdict of the jury is not supported by the evidence.* We have carefully examined the abstracted testimony and find it indeed very substantial.

Affirmed.