Randall L. LUKEHART *v.* STATE of Arkansas

CA CR 89-336                                    798 S.W.2d 117

Court of Appeals of Arkansas
Division II
Opinion delivered October 31, 1990

*Holman and Pearson*, by: *William M. Pearson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Randall L. Lukehart, appeals his conviction of driving while intoxicated, third offense, for which he was sentenced to ninety days in jail,

fined $2,000, and his driver's license was suspended for a period of two and a half years. For reversal, appellant contends that the trial court erred in denying his motion to dismiss in which he alleged a speedy trial violation. We sustain appellant's contention, and reverse and dismiss.

The record discloses the following sequence of events. Appellant was arrested for driving while intoxicated on November 25, 1987, and was released after posting bail. Thereafter, on January 14, 1988, appellant was charged by information in the Johnson County Circuit Court with DWI, fourth offense, a felony under Ark. Code Ann. § 5-65-111(b)(3) (1987). Pursuant to the filing of the information, appellant was again arrested and released on bail. On June 24, 1988, an amended information was filed in the circuit court.

On August 3, 1988, a misdemeanor charge (DWI, third offense) was filed in the Clarksville Municipal Court, based on the same conduct for which appellant was initially arrested and for which the felony charged was still pending in circuit court. By order of October 31, 1988, the circuit court dismissed the felony information upon the state's motion to nolle prosse. In this motion, the state requested dismissal "because the disposition of the Defendant's prior offenses have reduced this charge from a felony to a misdemeanor and this case has been refiled in the Municipal Court of Johnson County." Appellant's case proceeded to trial in the municipal court on December 21, 1988, where he was convicted as charged. Appellant appealed his conviction to the Johnson County Circuit Court by notice of appeal dated December 29, 1988.

On May 23, 1989, appellant filed a motion to dismiss asserting that he had been denied a speedy trial in the municipal court. After a hearing held on May 26th, the circuit court denied appellant's motion. On August 11, 1989, appellant was tried in the circuit court and convicted by a jury of DWI, third offense. This appeal follows.

Appellant argues that he was denied a speedy trial in that he was arrested on November 25, 1987, and was not brought to trial in the municipal court until December 21, 1988. We agree.

The seminal case addressing the sixth amendment right

to a speedy trial is the United States Supreme Court decision of *Barker* v. *Wingo*, 407 U.S. 514 (1972). Citing *Klopfer* v. *North Carolina*, 386 U.S. 213 (1967), the court reiterated that the right to a speedy trial is "fundamental" and is imposed on the states by the Due Process Clause of the Fourteenth Amendment to the Constitution. In analyzing this right, the court noted its amorphous quality stating that it is "impossible to determine with precision when the right has been denied." *Id.* at 521. Thus, the court articulated four factors upon which to evaluate this right, and determined that an assessment of this issue involves a balancing of these factors on a case by case basis in which the conduct of both the prosecution and the defendant are to be weighed. The factors as outlined by the Supreme Court are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. The court stated that a defendant has no duty to bring himself to trial, but rather that the state is charged with that duty, as well as the obligation of ensuring that the trial comports with due process.

The appellate courts of Arkansas have recognized the decision in *Barker* v. *Wingo* beginning with *Avants* v. *State*, 257 Ark. 22, 513 S.W.2d 805 (1974). *See e.g. Novak*, v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987). Additionally, the right to a speedy trial is embodied in Rules 28.1, 28.2 and 28.3 of the Arkansas Rules of Criminal Procedure. In *Stephens* v. *State*, 295 Ark. 541, 750 S.W.2d 52 (1988), the supreme court applied the *Barker* approach in a municipal court setting, which is the situation in the case at bar.

█ Turning to the facts of this case in reference to the factors set out in *Barker*, appellant was not tried in the municipal court until thirteen months after his initial arrest. The length of delay is the triggering mechanism which provokes inquiry into this matter. In *Barker*, *supra*, the court noted that the delay that can be tolerated may vary depending on the seriousness of the offense. *Barker*, *supra* at 531. Here, the appellant was charged with DWI, initially fourth, and then later third offense. A thirteen month delay for this type of prosecution certainly triggers the speedy trial issue. *See Stephens* v. *State, supra.* Therefore, the burden is on the state to show good cause for the untimely delay in trial. *Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1985).

■ The state submits that the period from January 14, 1988, when appellant was first charged in circuit court, to August 3, 1988, when the charge was refiled in municipal court is an excludable period for good cause. We fail to see, however, that this can be considered a delay for good cause. The delay here was apparently caused by the transfer of charges from the circuit to municipal court because the charge was reduced from a felony to a misdemeanor. The record plainly suggests that the reason for the reduction in charges, and thus the delay, was occasioned by the disposition of another DWI offense involving appellant, after which the felony charge in circuit court could no longer be sustained. The charge and the court in which charges are filed are decisions made by the prosecution. In this instance, the felony charge in circuit court was filed in anticipation of and was dependent on the outcome of a previous DWI charge. Appellant was awaiting trial from the date of his arrest no matter where the charges were filed, and we note that from August 3rd to October 31, 1988, charges were pending against appellant in both courts. Under these peculiar circumstances, the resulting delay in trial should not be attributed to the appellant.

■ Appellant raised the speedy trial issue in the motion to dismiss in the circuit court. In this motion, it was stated that the speedy trial issue had been asserted in the municipal court. The trial court promptly heard the matter several months prior to trial. As in *Stephens* v. *State, supra,* we cannot say that appellant waived this right or that it was asserted in an untimely manner. In terms of prejudice due to the delay, although no affirmative demonstration of prejudice is necessary, *see Novak* v. *State, supra,* it has been considered prejudicial for the state to deliberately delay trial in order to gain an advantage or hinder the defense of the accused. *Stephens* v. *State, supra.*

Based on the record before us and the analysis provided in *Barker* v. *Wingo, supra,* we conclude that appellant was denied the right to a speedy trial.[1] Accordingly, we reverse and dismiss. Dismissal is a severe penalty for failure to bring an accused to

---

[1] The Rules of Criminal Procedure would require a similar result, although we acknowledge that the supreme court has not determined that the rules are applicable to proceedings in municipal court.

timely trial; however, it is the only available remedy. *State* v. *Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989).

Reversed and dismissed.

WRIGHT, Acting C.J. and CRACRAFT, J., agree.