TYSON, Judge.
The State appeals from the trial court’s dismissal of the charge against Mary Louise Clay. The following facts are relevant to this appeal:
September 23, 1988 — Clay was indicted for the offense of theft of services in the first degree.
October 5, 1988 — Clay was arrested on the indictment and she was released on bond. March 6,1989 — Clay pleaded guilty to theft of services in the second degree.
March 31, 1989 — Trial judge sentenced Clay on guilty plea to one year and one day’s imprisonment in the penitentiary. After the trial judge pronounced sentence, Clay asked to withdraw her guilty plea because, she said, the sentence she received was different from that which had been agreed upon during the plea negotiations. The trial judge denied this request. April 5, 1989 — Clay filed notice of appeal. September 29, 1989 — This court affirmed Clay’s case without opinion. See 553 So.2d 137.
March 16, 1990 — The Alabama Supreme Court reversed this court’s affirmance {Ex ■parte Clay, 562 So.2d 1307 (Ala.1990)) and this court remanded the case {Clay v. State, 562 So.2d 1310 (Ala.Crim.App.1990)) so that the trial court could determine whether there had been a plea agreement between Clay and the State and, if so, the terms of the agreement.
April 17, 1990 — Certificate of final judgment of remand was issued by this court. April 18, 1990 — A stipulation of facts was entered into between Clay and the State in which it was shown that a plea agreement had been reached by the parties and that the trial judge had not followed the terms of the agreement when he sentenced Clay. April 19, 1990 — Based on the stipulation of facts, the trial court allowed Clay to withdraw her guilty plea.
April 25, 1990 — Clay’s ease was reopened and returned to active status.
July 24, 1990 — This was the date Clay’s case was to be tried. On this day, the trial court dismissed Clay’s case and made the following statement, after talking with Clay in open court:
“THE COURT: Well, I think all of this has gone far enough, and I’m going to dismiss this case for lack of a speedy trial. It’s apparent to me now as it was *563 at your sentencing hearing that you don’t have the present ability to pay this, and that’s why when I sentenced you that I gave you a year and a day in the penitentiary on the basis that you would probably go down there and serve for a month or two and come back and be rid of this debt, but I don’t see any way that somebody that’s your age can pay about ten thousand dollars on a monthly basis where you are paying it out about seventy-five dollars a month and you are not even able to keep those payments current. So it’s been almost two years now since the indictment was returned in this case and the case is dismissed for lack of a speedy trial.” (R. 5).
July 27, 1990 — State filed notice of appeal of trial judge’s dismissal of the case.
On appeal, the State contends that the trial judge erroneously dismissed the charge against Clay on speedy trial grounds. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set out four factors which must be weighed to determine whether an accused has been denied his right to a speedy trial as guaranteed by the United States Constitution. These factors are: (a) the length of delay; (b) the reason for the delay; (c) the accused’s assertion of his right to a speedy trial; and (d) the degree of prejudice suffered by the accused due to the delay.
The above-quoted statement of the trial judge is the only evidence in the record as to the reasons why he dismissed this case on speedy trial grounds (“I think all of this has gone far enough”). A somewhat similar fact situation was addressed by the Tenth United States Circuit Court of Appeals in United States v. Barney, 550 F.2d 1251 (10th Cir.1977). In that case, “the trial judge, upon learning that [the defendant] had been unable to make bond and had been in custody for five months, apparently concluded that this one fact in itself constituted sufficient ground for finding a violation of the Sixth Amendment right to a speedy trial.” Barney, 550 F.2d at 1254. In holding that the trial judge abused his discretion by dismissing the indictment, the Tenth Circuit stated, “In the instant case the trial judge did no ‘balancing’ or ‘weighing.’ In fact his actions were the antithesis thereof ... and are at odds with the mandate in Barker v. Win-go.” Barney, 550 F.2d at 1254.
Likewise, the trial judge in the case at bar did not follow the guidelines set out in Barker v. Wingo before he dismissed this case on speedy trial grounds. Thus, the trial judge abused his discretion by dismissing the indictment. Corn v. State, 387 So.2d 275 (Ala.Crim.App.), cert. denied, 387 So.2d 280 (Ala.1980); Barney.
Furthermore, our independent review of the Barker v. Wingo factors in light of the circumstances of this case convinces us that Clay was not denied her speedy trial right in this instance. While it appears that the trial judge considered the entire time period from the indictment until the day he dismissed the case as the relevant time frame, this is not the correct way to determine the length of delay with regard to the speedy trial right. See generally Harrison v. United States, 392 U.S. 219, n. 4, 88 S.Ct. 2008, n. 4, 20 L.Ed.2d 1047 (1968); United States v. Robles, 563 F.2d 1308 (9th Cir.1977), cert. denied, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). The first period of time which must be considered is the time from the indictment (9-23-88) until Clay entered her guilty plea (3-6-89). See Daniels v. State, 375 So.2d 523 (Ala.Crim.App.1979). This delay was approximately five and one-half months. The second time period which must be considered is the time from the guilty plea (3-6-89) to the date Clay was sentenced (3-31-89). See Noe v. State, 391 So.2d 151 (Ala.Crim.App.1980). This delay was less than one month. The third period of time which must be considered is the time between the notice of appeal (4-5-89) to the date the final judgment of remand was issued (4-17-90). The fourth period of time to be considered is the time between the date the final judgment of remand was issued (4-17-90) to the date the trial was scheduled and the case was dismissed (7-24-90). This delay was about three months. “We have held before that it is *564 not necessary for us to review the remaining Barker factors if we fail to find the delay ‘presumptively prejudicial.’ ‘[T]he length of the delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.’ ” Kelley v. State, 568 So.2d 405 (Ala.Crim. App.1990). The only one of the above periods which appears to be “presumptively prejudicial” is the one-year period while the case was on appeal. However, in light of the fact that this case was considered by both this court and the Alabama Supreme Court during that one-year period, we cannot say that this period was “presumptively prejudicial.” Thus, although we need not review the other Barker factors, we must note that there is no evidence in the record that there were any delays in the time periods mentioned above, there was no assertion by Clay of her speedy trial right, and there was no evidence that she was prejudiced by any delays which may have occurred while this ease was ongoing. We find that Clay was not denied her right to a speedy trial.
Therefore, the judgment of the trial court is reversed and the cause is remanded to the trial court with directions that the charge against Clay be reinstated. Barney.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.
BOWEN, J., concurs specially with opinion.