COBB, Judge,
concurring in the result only in unpublished memorandum.
Although I am concerned about the majority’s failure to address the ineffective-assistance-of-counsel claim in the first- issue of Lewis’s brief, this special concurrence focuses primarily on the speedy trial issue.
I am disturbed by the circumstances surrounding the delay of approximately 33 months from the time Lewis was arrested until he was ultimately convicted. More than two years of this delay occurred after Lewis’s first trial ended in a deadlocked jury and a mistrial was declared. Lewis was incarcerated for approximately 21 months following the mistrial with a bond set at $250,000. On June 25, 1996, the trial court reduced his bond to $10,000. On October 23, 1996, the trial court reduced his bond to $5,000, and after serving 27 months in jail, Lewis made bond.
The record reflects that Lewis filed a motion for a speedy trial on July 12, 1995, and that this motion was never argued to, or addressed by, the trial court. The only reasons given for the four continuances after the mistrial appear on entries on the case action summary sheet. Each entry indicates that the case was “unreaehed” on the day it was set for trial.
It appears that Lewis has not shown that the cause of the delay was attributable to the State.
“To prevail on a speedy trial claim, the accused must show purposeful and deliberate delay by the prosecuting authority. Turner v. State, 584 So.2d 925 (Ala.Cr.App.1991) rev’d on other grounds, Ex parte Springer, 619 So.2d 1267 (Ala.1992). This Court held in Vincent v. State, 607 So.2d 1290 (Ala.Cr.App.), dismissed, 614 So.2d 1069 (Ala.Cr.App.1992), that ‘neutral reasons’ for delay, .sueh as a crowded court docket, do not ordinarily require a dismissal of the case based on a violation of the right to a speedy trial.”
Pierson v. State, 677 So.2d 830, 831 (Ala.Cr.App.1996). Because Lewis has alleged neither that the prosecutor deliberately caused any delay nor that the trial court’s continuances were ordered for nonneutral reasons, he has not met the burden required to prevail on his speedy trial claim.
After a thorough review of the record, I conclude that the evidence is conflicting concerning the prejudice suffered by the appellant, the fourth factor in the balancing test adopted by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972). Nevertheless, I agree with Judge McMillan, who wrote in Nickerson v. State, 629 So.2d 60 (Ala.Cr.App.1993):
“‘The Alabama Court of Appeals has adopted the delineation by the former United States Court of Appeals, Fifth Circuit, of the circumstances in which no showing of prejudice is required. See, e.g., Wilson v. State, 407 So.2d [584] at 588 [(Ala.Cr.App.1981)]; Turner v. State, 378 So.2d [1173] at 1179 [(Ala.Cr.App.1979)]. See also Prince v. State, 354 So.2d 1186, 1192 (Ala.Cr.App.1977), cert. denied, 354 So.2d 1193 (Ala.1978). The former Fifth Circuit held that “there must be some point of coalescence of the other three factors in a movant’s favor, at which prejudice — either actual or presumed — becomes totally irrelevant.” Hoskins v. Wainwright, 485 F.2d 1186, 1192 ([5th Cir.]1973). See also ... United States v. Avalos, 541 F.2d [1100] at 1116 [(5th Cir.1976)]; Prince v. Alabama, 507 F.2d [693] at 706-07 [(5th Cir.1975)]. The rationale for dispensing with the prejudice requirement is set forth in Turner v. Estelle, 515 F.2d 853, 858-59 (5th Cir.1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976), as follows:
*1134 '““‘The reason for dispensing with the prejudice requirement entirely when the other three factors point heavily toward a violation of speedy trial is deterrence: the prosecution should not be permitted to engage in inexcusable misconduct on the hope that the defendant will not be able to make out a case of prejudice. Where such misconduct has occurred, the state cannot complain that the legitimate interests of its criminal justice system, being pursued in good faith, are being sacrificed because of an honest mistake in a case in which no ultimate harm has been done.’ ” ”
629 So.2d at 66-66 (quoting Hayes v. State, 487 So.2d 987, 996-96 (Ala.Cr.App.1986)). However, I am led to conclude from the extended delay between Lewis’s mistrial and his ultimate conviction, that the trial court failed to assign Lewis’s case the priority it merited. After having been incarcerated for approximately 6 months awaiting his initial trial, Lewis spent an additional 21 months in jail awaiting retrial; his retrial was continued four times, apparently in favor of other .cases, after a jury failed to reach a unanimous verdict at his first trial. In this circumstance, the retrial of Lewis’s case should have become a greater priority than the initial trial of any person who was arrested ánd charged after Lewis’s arrest or of anyone who was not incarcerated awaiting trial'.
Lewis was ultimately convicted of a Class B felony, assault in the first degree. Unless charged with a more serious offense such as capital murder, in which no bond is allowed, a defendant who is presumed innocent until proven guilty should not be incarcerated for over two years pending the disposition of the charges against him or her. This is the type of injustice that the speedy trial guarantee is designed to prevent. As Judge McMillan stated in Isom v. State, 497 So.2d 208 (Ala.Cr.App.1986):
“““The purpose of the guarantee is to prevent long unjustified incarceration or anxiety prior to trial and to limit the possibility that the memory of witnesses may dim or evidence may be lost, thus impairing the ability of the accused to defend himself.’ ” ’ ”
Id. at 214, quoting Carter v. State, 356 So.2d 682, 689 (Ala.Cr.App.), cert. denied, 356 So.2d 689 (Ala.1978), in turn quoting Populus v. State, 48 Ala.App. 686, 267 So.2d 477 (1972).
I write this special concurrence out of my concern that a possible injustice occurred in this case. I am not confident, however, that the appellant met the burden established by Barker v. Wingo, supra. Consequently, I concur in the result only.