IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-51082
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRUCE PERKINS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-99-ALL

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Bruce Perkins appeals from the district court's denial of his motion to
dismiss his indictment on double jeopardy grounds. The denial of a motion to
dismiss the indictment is an appealable order under the collateral order
doctrine. United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997).
Because the district court denied the motion as frivolous, Perkins' notice of
appeal did not divest the district court of jurisdiction to accept Perkins'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

subsequent conditional guilty plea. See United States v. Dunbar, 611 F.2d 985, 987 (5th Cir. 1980) (en banc).

Prior to entering a conditional guilty plea to the indictment, Perkins proceeded to trial before a jury. The district court declared a mistrial based on manifest necessity, namely, the jury's inability to reach a verdict. Perkins argues that the district court erred in declaring a mistrial. Perkins further argues that his double jeopardy rights were violated because the Government failed to establish venue as an element of the offense at trial and because jeopardy had attached during the first trial.

The district court did not err in finding that a mistrial was necessitated by the jury's inability to reach a verdict. See Arizona v. Washington, 434 U.S. 497, 508 (1978). The record reflects that jury deliberations lasted for about seven hours while Perkin's trial lasted only about three hours. The jury sent several notes to the district court concerning its inability to reach a verdict, and the district court interviewed two jurors individually as well as the jury as a whole in the presence of counsel and the defendant to confirm the jury's deadlocked status. The district court also consulted with counsel regarding whether the jury should continue its deliberations. Furthermore, the issue facing the jury, namely, possession with intent to distrubute crack cocaine, was not particularly complex. In light of these factors, the district court did not abuse its discretion in declaring a mistrial. See United States v. Holley, 986 F.2d 100, 104 (5th Cir. 1993); United States v. Bauman, 887 F.2d 546, 552 (5th Cir. 1989); United States v. Starling, 571 F.2d 934, 941 (5th Cir. 1978).

The district court also did not err in denying Perkins' motion to dismiss on double jeopardy grounds. The Double Jeopardy Clause does not bar a second trial where the first trial appropriately ended end a mistrial, as in this case. See Richardson v. United States, 468 U.S. 317, 322-23 (1984). Moreover, the Government introduced sufficient evidence at trial to establish venue. See Weaver v. United States, 298 F.2d 496, 498 (5th Cir. 1962).

AFFIRMED.