The appellant, Vincent Lofton, was indicted October 30, 1998, by the Calhoun County grand jury, for the crime of sexual abuse in the first degree, a violation of § 13A-6-66, Ala. Code 1975. On December 13, 2001, pursuant to a plea agreement, he entered a guilty plea to the offense as charged in the indictment and was sentenced, as a habitual felony offender with one prior felony conviction, to five years' imprisonment and was ordered to pay $50 to the Alabama Crime Victims Compensation Fund, $260 in court costs, and the costs of appointed counsel. The trial court further ordered that his sentence be served concurrently with the 21-year sentence he was then serving for a 1987 Jefferson County murder conviction and that he be given 1,236 days' jail credit on his sentence for first-degree sexual assault. When he entered his guilty plea, the appellant specifically reserved the right to appeal the trial court's denial of his motion to dismiss the indictment based on the State's alleged violation of his right to a speedy trial; this is the sole issue presented for our review.
The record is sketchy as to the facts pertinent to this issue; however, it indicates that the following events transpired:
February 1, 1998: The offense was committed.
 July 21, 1998: The appellant was arrested and confined in the Calhoun County jail. It appears that, at the time of his arrest, he was on parole from a murder conviction, but shortly after his arrest, his parole was revoked because of the pending charge, and he was returned to the State penitentiary where he has been incarcerated to the *Page 535 
present date, except for the brief periods he was transported to Calhoun County for his arraignment and for the guilty-plea proceeding.
October 30, 1998: The appellant was indicted.
 January 28, 2001: The arrest warrant on the grand-jury indictment was executed, and the appellant was transferred to the Calhoun County jail, apparently from the State penitentiary.
 January 29, 2001: The appellant entered a plea of not guilty at arraignment, and the trial was set for April 30, 2001. The record also indicates that he was represented by the same counsel who subsequently represented him at the guilty-plea proceeding and who represents him now on appeal.
 March 27, 2001: The trial court set a pretrial hearing for April 10, 2001.
 April 3, 2001: The trial court again set the trial for April 30, 2001.
 April 17, 2001: The appellant filed a motion to dismiss the indictment on the ground that he had been denied a speedy trial.
 May 2, 2001: The appellant's speedy-trial motion was denied, and the case was continued generally due to the illness of defense counsel.
 May 23, 2001: The trial court set the trial for June 7, 2001.
 June 7, 2001: The trial court ordered that, because the appellant had not been served with the outstanding indictment, he was to be transported to the Calhoun County jail to be served with the indictment and to remain there pending further orders of the court.
 August 23, 2001: The trial court set the trial for September 10, 2001.
 August 30, 2001: The appellant filed an affidavit of substantial hardship.
 September 5, 2001: The trial court granted the appellant's affidavit of substantial hardship.
 December 13, 2001: The appellant withdrew his not-guilty plea, entered a guilty plea while reserving the right to appeal the speedy-trial issue, and was adjudged guilty and sentenced.
In contending that he was denied the right to a speedy trial, the appellant alleges that he did not know that an indictment had been returned against him until the day before his arraignment, i.e., January 28, 2001. He argues that the length of the delay is presumptively prejudicial, that he was not at fault in any way for the delay, and that the delay was due solely to the State's inaction or negligence. He argues that the delay made it virtually impossible for him to properly defend himself and for the truth to be determined in a trial because of the passage of over three years from the date of the commission of the offense to the date of the trial and because of the tender age of the victim, his stepdaughter, who was 11 years old at the time of the alleged crime. Pointing out that his parole was revoked because of the pending charge, he also alleges that he suffered additional prejudice because, he says, the delay prevented him from being considered again for parole and because, he says, as a result of his conviction, his date for consideration of parole has been extended five years.
The State contends that the appellant failed to show that he was prejudiced by the delay and that, in fact, it is impossible for him show prejudice because he ultimately pleaded guilty to the offense. However, the validity of a speedy-trial claim does not depend upon whether a defendant is guilty or not guilty of the charge. Ex parte Carrell,565 So.2d 104, 109 (Ala. 1990). *Page 536 
The record reflects that the appellant filed a timely motion to dismiss the indictment based on the State's alleged violation of his right to a speedy trial. The trial court, without hearing testimony or argument and without making any findings of fact, summarily denied the motion. The appellant then entered a guilty plea to the charge against him, reserving for appeal the speedy-trial issue.
The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." The Alabama Constitution guarantees the same. Article I, § 6, Ala. Const. 1901.
In regard to any claims by a defendant that his constitutional right to a speedy trial has been violated, a court must look at the specific facts and circumstances surrounding the particular claims and apply the four-part test set out in the landmark case of Barker v. Wingo,407 U.S. 514 (1972). Barker sets out the following determinative factors: (1) the length of the delay; (2) the reason for the delay: (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay. See Ex parte Carrell, supra; Bishopv. State, 656 So.2d 394 (Ala.Crim.App. 1994).
We begin by evaluating the length of the delay in bringing a defendant to trial. The length of the delay is to some extent a triggering mechanism. Until there is some delay that is presumptively prejudicial, there is no necessity for inquiry into the other Barker factors. Barker,407 U.S. at 530; Parris v. State, [Ms. CR-00-0406, August 31, 2001] ___ So.2d ___ (Ala.Crim.App. 2001); Bishop v. State, 656 So.2d at 395. The length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant — whichever is earlier — to the date of the trial; to trigger a speedy-trial analysis, the delay must be so excessive as to be presumptively prejudicial. Roberson v. State, [Ms. CR-00-2405, June 28, 2002] 864 So.2d 379 (Ala.Crim.App. 2002).
In the instant case, the appellant's right to a speedy trial was triggered by his arrest on July 21, 1998. The record reflects that he was incarcerated from the time of his arrest until he was convicted after he entered his guilty plea on December 13, 2001. Although the appellant pleaded guilty, we consider that he was "tried" as of the date when he was convicted and sentenced on his plea of guilty. See Ex parte Carrell, 565 So.2d at 107. Thus, the delay in the appellant's case amounted to nearly 41 months. We find that this delay was presumptively prejudicial and requires inquiry into the remaining Barker factors. Parris v. State
(40-month delay is presumptively prejudicial); Ingram v. State,629 So.2d 800 (Ala.Crim.App. 1993) (19-month delay is presumptively prejudicial); Beaver v. State, 455 So.2d 253 (Ala.Crim.App. 1984) (16-month delay is presumptively prejudicial).
Due to the summary denial of the appellant's motion to dismiss the indictment and the lack of findings by the trial court, the record does not contain sufficient information for us to address the remainingBarker factors and to determine whether the trial court properly denied the appellant's motion to dismiss. See Draper v. State, [Ms. CR-00-2191, October 25, 2002] ___ So.2d ___ (Ala.Crim.App. 2002); Parris v. State,supra; Bishop v. State, supra. Accordingly, this case is remanded to the trial court with instructions for that court to conduct an evidentiary hearing, at which the appellant is present and represented by counsel, on the appellant's motion to dismiss the indictment based on the alleged violation of his right to a speedy *Page 537 
trial. Following the hearing, the trial court should apply the balancing test of Barker and enter specific written findings addressing the reason for the delay, the appellant's assertion of his right to a speedy trial, and any prejudice to the appellant resulting from the delay. The transcript of the hearing and the written findings of the trial court should be forwarded to this court within 70 days from the date of this opinion. On remand, should it become necessary, the trial court is authorized to grant the appellant whatever relief it deems reasonable.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ. concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On August 22, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1090