SHAW, Judge.
The appellant, Edwin Elmer Coventry, was convicted of theft of property in the first degree, a violation of § 13A-8-3(a), *170 Ala.Code 1975. He was sentenced, as a habitual offender, to 20 years’ imprisonment.
On appeal, Coventry contends that the trial court erred in denying his motion to dismiss the indictment on the ground that he was denied his right to a speedy trial.
From the record, which is sketchy at best, we can discern the following sequence of events relevant to this claim. On August 4, 1999, several pieces of stereo equipment were stolen out of a vehicle in Tallapoosa County, Alabama. Sometime after that date, but before August 26, 1999, Coventry and his three codefendants were stopped by law-enforcement officers in Georgia while traveling in an automobile belonging to one of the codefendants. A search of the car revealed several pieces of stolen property, including the stolen stereo equipment. Coventry and his codefen-dants were transported to Elmore County, Alabama (apparently in relation to some of the other stolen property found in the vehicle), and on August 26, 1999, Coventry gave a statement to law-enforcement officers in which he admitted to stealing the stereo equipment found in the automobile.
On March 22, 2000, Coventry was indicted for theft of property in first degree in relation to the stolen stereo equipment. Over three years later, on May 6, 2003, Coventry was arraigned and pleaded not guilty to the charge. On June 11, 2003, the State moved for a continuance, which was granted. On July 11, 2003, Coventry filed a motion requesting a speedy trial; the trial court granted the motion on August 19, 2003. On August 27, 2003, Coventry filed a motion to dismiss the indictment on the ground that he had been denied a speedy trial, and requested a hearing on the motion. On September 2, 2003, the trial court denied the motion without a hearing and without making any findings of fact. On December 1, 2003, Coventry’s trial began. At the beginning of trial, Coventry renewed his motion to dismiss the indictment, and the trial court again denied the motion without an evidentiary hearing and without making any findings of fact. The jury returned a verdict finding Coventry guilty of theft of property in the first degree on December 2, 2003.
The record also reflects that on April 13, 1999, Coventry had pleaded guilty to escape in the first degree and to arson in the second degree. He was sentenced to 15 years’ imprisonment for each conviction; those sentences were split to time already served followed by five years on probation. (C. 27-38.) At the sentencing hearing in the present case, the trial court also indicated that Coventry had been convicted on August 11, 1999, for burglary in the third degree and theft in the second degree (unrelated to the present theft charge), and had been sentenced to 15 years’ imprisonment for each conviction, and that Coventry had pleaded guilty on February 1, 2000, to obstruction of governmental operations and that a fine had been imposed for that conviction.[1] The record indicates that Coventry was incarcerated from sometime in August 1999 until his trial in December 2003, but the record is not clear as to whether all or part of that incarceration was the result of other convictions or his arrest for the present offense.
The Sixth Amendment to the United States Constitution guarantees that, “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....”[2]
*171 “In regard to any claims by a defendant that his constitutional right to a speedy trial has been violated, a court must look at the specific facts and circumstances surrounding the particular claims and apply the four-part test set out in the landmark case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).”
Lofton v. State, 869 So.2d 533, 536 (Ala.Crim.App.2002). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court held that when evaluating whether an accused has been denied his right to a speedy trial, a court must look at: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his speedy-trial right; and (4) the prejudice to the defendant’s case, resulting from the delay.
In this case, the record does not contain sufficient facts for this Court to properly evaluate Coventry’s claim that he was denied his right to a speedy trial. The record is, at best, ambiguous as to each of the four Barker factors, and, given that ambiguity, any attempt to weigh those factors without more information would be premature. Thus, it is necessary to remand this case for the trial court to conduct an evidentiary hearing on Coventry’s speedy-trial claim and to issue specific written findings of fact. In doing so, the court should consider the following with respect to the four Barker factors.
Length of Delay. The record reflects that Coventry was indicted on March 22, 2000. However, the length of delay is measured from the date of the indictment or the date of arrest, whichever is earlier, to the date of the trial. See, e.g., Roberson v. State, 864 So.2d 379 (Ala.Crim.App.2002), and Turner v. State, [Ms. CR-99-1568, November 22, 2002] — So.2d(Ala.Crim.App.2002). The record contains conflicting information as to when Coventry was arrested for this crime. The case action summary lists the date of arrest as May 2, 2003. (C. 1.) Coventry alleged in his motion to dismiss and alleges in his brief on appeal that he was arrested on November 9, 1999, and the State does not dispute that allegation, although there is nothing in the record to support it. However, testimony at trial indicates that Coventry was arrested -sometime in August 1999, when he and his codefendants were stopped by Georgia authorities and transported back to Alabama. It is not clear whether this arrest was for the present crime or for the other stolen property found in the vehicle by the Georgia authorities.
If the indictment, in March 2000, is the triggering date, then there was a delay of 45 months; if the date of Coventry’s arrest, November 1999, is the triggering date, then there was a delay of 49 months; and if Coventry was actually arrested in August 1999 and that date is the triggering date, then there was a delay of 52 months. To trigger a speedy-trial analysis, the delay in bringing an accused to trial must be so excessive as to be “presumptively prejudicial.” Barker, 407 U.S. at 530, 92 S.Ct. 2182. “Unless the delay is presumptively prejudicial, there is no need to inquire into the other Barker'factors.” Roberson, 864 So.2d at 394. Regardless of which triggering date we use, the length of delay in this case was presumptively prejudicial and requires inquiry'into the remaining three Barker factors. See, e.g., Lofton (delay of 41 months was presumptively prejudicial' so as to trigger inquiry into remaining Barker factors), and Parris v. State, 885 So.2d 813 (Ala.Crim.App.2001) *172 (delay of 40 months was presumptively prejudicial so as to trigger inquiry into remaining Barker factors). Although the delay in this case was excessive and this factor thus must weigh against the State, what weight to afford this factor is depen-dant on the length of the delay. Obviously, a 52-month delay will weigh more heavily against the State than will a 45-month delay. Therefore, the trial court should determine on remand whether Coventry was arrested before his indictment and, if so, when he was arrested so that it can weigh the exact length of delay along with the other factors.
Reasons for the Delay. The record suggests that the entire delay was attributable to the State, but because no evidentiary hearing was held on Coventry’s motion to dismiss, the record does not indicate any reason for the State not prosecuting Coventry earlier. Although the indictment was returned against Coventry in March 2000, Coventry was not arraigned on that indictment until over three years later, in May 2003. The record suggests that Coventry was incarcerated during this entire period and, thus, that the State knew where to find him for prosecution. In this respect, we note that, at the sentencing hearing, Coventry’s counsel requested that, in sentencing Coventry, the trial court consider the lengthy delay in bringing him to trial and the fact that had he been tried sooner his sentence could have run concurrently with the sentences for his other convictions. In response, the prosecutor stated that “during the time that Mr. Coventry was awaiting trial in this case, he was incarcerated on other charges, and would have been incarcerated on other charges whether or not he was in court on [this] case[ ].” (R. 218.) This statement by the prosecutor suggests that the State knew where Coventry was during that time but, for a reason or reasons not clear from the record, did not bring him to trial. “ ‘The State has a constitutional duty to make a diligent, good-faith effort to gain custody of the accused and bring him to trial.’ ” State v. Woods, 600 So.2d 425, 427 (Ala.Crim.App. 1992), quoting Watson v. State, 389 So.2d 961, 967 (Ala.Crim.App.1980) (Bowen, J., dissenting). Whether this failure on the part of the State was deliberate or simply negligent, however, is not clear. “Delays caused by the state’s negligence are weighed against the state but not as heavily as if the state had intentionally caused the delays.” Franklin v. State, 644 So.2d 35, 37 (Ala.Crim.App.1994). See also Ex parte Carrell, 565 So.2d 104, 108 (Ala.1990).
We also note that even after waiting for over three years to arraign Coventry, the State still requested a continuance of the case after arraignment. The basis for that request is not evident from the record, but considering that the State had over three years to prepare the case, the delay attributable to this request could still weigh against the State. Because the record suggests that the delay in this case was entirely attributable to the State, this factor weighs against the State, but what weight to afford this factor is dependant on the reasons for the delay and on whether the delay was deliberate or negligent, something this Court cannot determine based on the record. Therefore, on remand, the trial court should determine the exact reasons for the delay and whether the delay was deliberate or negligent, and it should then weigh this factor accordingly.
Assertion of the Right. Coventry asserted his right in his motion requesting a speedy trial filed on July 11, 2003, well over three years after his indictment and/or arrest. In its brief on appeal, the State argues that this factor should weigh *173 against Coventry because “waiting almost four years clearly calls into question whether Coventry really believed he was actually deprived enough to complain or whether he simply ‘hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges.’ ” (State’s brief at pp. 7-8, quoting Barker, 407 U.S. at 585, 92 S.Ct. 2182.) However, in his motion to dismiss, Coventry alleged that he did not know that he had been indicted or that the State was pursuing the case until he was brought to court for his arraignment on May 6, 2003. Because no evidentiary hearing was conducted on Coventry’s motion to dismiss, there is nothing in the record either to support or to refute this assertion. If the assertion is true, then Coventry’s request for a speedy trial only two months after he was notified of the charge would be timely, and this factor would not weigh against Coventry, but would weigh against the State. See, e.g., Ex parte Carrell (defendant’s assertion of his right to a speedy trial five weeks after his arrest, although almost two years after he had been rein-dicted, was timely where defendant testified that he did not know he had been reindicted until he was arrested and there was no evidence in the record to contradict that assertion). Therefore, on remand, the trial court should determine when Coventry became aware of the indictment against him and how long he waited to assert his right, and then weigh this factor accordingly.
Prejudice to the Defendant. “Barker set out three interests that the right to speedy trial was intended to protect and by which the level of prejudice is to be measured: (1) ‘to prevent oppressive pretrial incarceration’; (2) ‘to minimize anxiety and concern of the accused’; and (3) ‘to limit the possibility that the defense will be impaired.’ ” Kimbrell v. State, 659 So.2d 1039, 1041 (Ala.Crim.App.1995), quoting Barker, 407 U.S. at 532, 92 S.Ct. 2182. In addition, this Court and the Alabama Supreme Court have expanded the prejudice prong of the Barker añálysis to include prejudice associated with sentencing, such as losing the opportunity to have sentences run concurrently, see Nickerson v. State, 629 So.2d 60 (Ala.Crim.App.1993), and adverse effects on parole consideration, eligibility for work release, and other prison programs, see Ex parte Archer, 643 So.2d 601 (Ala.1992).
In his motion to dismiss, Coventry cited Ex parte Carrell for the proposition that “where the delay is excessive and is the result of unexcused inaction by the State, the delay is prima facie prejudicial.” 565 So.2d at 108. In Ex parte Carrell,, the Alabama Supreme Court held that the defendant had been denied his right to a speedy trial where there was a 34-month delay; the delay was due to the State’s negligence in serving the arrest warrant on the defendant; and the defendant timely asserted his right five weeks after he was arrested. The Court held that although ordinarily a naked assertion of faded memory is not a sufficient showing of prejudice, because the delay was so excessive and was solely the result of the State’s negligence, prejudice could be presumed. The Court held the same in Ex parte Clopton, 656 So.2d 1243 (Ala.1995), when faced with similar facts. In Nickerson v. State, 629 So.2d 60 (Ala.Crim.App.1993), this Court explained:
“ ‘The Alabama Court of Criminal Appeals has adopted the delineation by the former United States Court of Appeals, Fifth Circuit, of the circumstances in which no showing of prejudice is required. See, e.g., Wilson v. State, 407 So.2d [584] at 588 [(Ala.Crim.App.1981)]; Turner v. State, 378 So.2d [1173] at 1179 [(Ala.Crim.App.1979)]. See also Prince v. State, 354 So.2d 1186, 1192 (Ala.Cr.App. *174 1977), cert. denied, 354 So.2d 1193 (Ala. 1978). The former Fifth Circuit held that “there must be some point of coalescence of the other three factors in a movant’s favor, at which prejudice — either actual or presumed — becomes totally irrelevant.” Hoskins v. Wainwright, 485 F.2d 1186, 1192 (1973). See also United States v. Dennard, 722 F.2d 1510, 1513 (11th Cir.1984); United States v. Avalos, 541 F.2d [1100] at 1116 [(5th Cir.1976)]; Prince v. Alabama, 507 F.2d [693] at 706-07 [(5th Cir.1976)]. The rationale for dispensing with the prejudice requirement is set forth in Turner v. Estelle, 515 F.2d 853, 858-59 (5th Cir.1975), cert. denied, 424 U.S. 955, 9[6] S.Ct. 1431, 47 L.Ed.2d 361 (1976), as follows:
“ ‘ “The reason for dispensing with the prejudice requirement entirely when the other three factors point heavily toward a violation of speedy trial is deterrence: the prosecution should not be permitted to engage in inexcusable misconduct on the hope that the defendant will not be able to make out a case of prejudice. Where such misconduct has occurred, the state cannot complain that the legitimate interests of its criminal justice system, being pursued in good faith, are being sacrificed because of an honest mistake in a case in which no ultimate harm has been done.” ’
“Hayes [v. State], [487 So.2d 987] at 995-96 [(Ala.Crim.App.1986)].
“Additionally, in Aaron v. State, 497 So.2d 603, 604 (Ala.Cr.App.1986), this Court held:
“ ‘An accused’s right to speedy trial remains undiminished even when he is already serving a prison sentence. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Byrd v. Martin, 754 F.2d 963 (11th Cir.1985); Smith v. State, 409 So.2d 958 (Ala.Cr.App.1981).
“ ‘ “At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from ‘undue and oppressive incarceration prior to trial.’ But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.
“ ‘ “And while it might be argued that a person already in prison would be less likely than others to be affected by ‘anxiety and concern accompanying public accusation,’ there is reason to believe that an outstanding untried charge (of which even a convict may, of course, be innocent) can have fully as depressive an effect upon a prisoner as upon a person who is at large. Cf. Klopfer v. North Carolina, supra, 386 U.S. [213] at 221-222, 87 S.Ct. [988] at 992-993 [18 L.Ed.2d 1 (1967)]....
And, while ‘evidence and witnesses disappear, memories fade, and events lose their perspective,’ a man isolated in prison is powerless *175 to exert his own investigative efforts to mitigate these erosive effects of the passage of time.” Smith, 393 U.S. at 378-80, 89 S.Ct. at 577-78, 21 L.Ed.2d at 611-12.’ ”
629 So.2d at 65-66.
This case is distinguishable from Ex parte Carrell, Ex parte Clopton, and Nick-erson in one critical respect — in those cases the records were clear as to each of the four Barker factors. In this case, however, no evidentiary hearing was held, and the record is ambiguous as to the Barker factors. Without sufficient facts regarding the length of the delay, the reasons for the delay, and Coventry’s assertion of his right, this Court cannot determine whether those factors would weigh so heavily against the State that it would be clear that Coventry was denied his right to a speedy trial without any showing of specific prejudice. This determination should be made by the trial court on remand in light of the above authority.
Moreover, if the first three Barker factors do not weigh so heavily against the State as to be prima facie prejudicial, then, because there was no evidentiary hearing conducted, Coventry was not given the opportunity to prove he was prejudiced by the delay. As noted above, Coventry asserted at the sentencing hearing that he had been prejudiced by the delay because he lost the opportunity to have his sentence run concurrent with the other sentences he was serving; in some circumstances, this can be sufficient to establish prejudice, see Nickerson. In addition, the record reflects that Coventry’s defense was alibi, but that his alibi witnesses had difficulty remembering exact dates and times, most likely because the events had occurred over four years earlier. Thus, if the trial court should determine on remand that the first three Barker factors do not create a presumption of prejudice, then the court should consider whether Coventry was actually prejudiced by the delay and weigh this factor accordingly.
Based on the foregoing, we remand this case for the trial court to conduct an evi-dentiary hearing on Coventry’s speedy-trial claim and to issue specific written findings of fact regarding each of the four Barker factors in light of this opinion. If necessary, the court may grant Coventry whatever relief it deems necessary. Due return shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include the trial court’s written findings, a transcript of the evidentiary hearing, and any other evidence received by the court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, J., concur. BASCHAB and WISE, JJ., concur in the result, each with opinion.

. The trial court indicated that it got this information from the presentence investiga-lion report; however, that report is not included in the record.

. Article I, § 6, Alabama Constitution of 1901, *171 guarantees the same right.

 Note from the reporter of decisions: On December 17, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.