I concur fully with the main opinion, and I commend Justice Smith for her thorough survey of the pertinent caselaw and her reconciliation and clarification of the legal principles that have emerged from that body of precedent. I write specially simply to note the following:
The petition of Brigitte Yvonne Walker stated as its only ground for certiorari review that the holding of the Court of Criminal Appeals conflicted with prior cases, which Walker asserted had "held that no showing of prejudice is necessary where the [first] three factors of Barker v. Wingo,407 U.S. 514 (1972) are satisfied and/or where an excessive delay is caused by unexcused action by the State." The supposedly conflicting cases she cites are Ex parte Clopton,656 So.2d 1243 (Ala. 1995), Ex parte Carrell, 565 So.2d 104 (Ala. 1990), and Turner v. State, 378 So.2d 1173 (Ala.Crim.App. 1979). The main opinion carefully dissects the holdings of those three cases and demonstrates why they do not support Walker's conflict argument. The main opinion explains why certain problematic language in Turner does not support Walker's argument when that language is placed in the context of the particular facts ofTurner and those of the prior cases on which Turner relied and explains that in both Carrell, supra, and Clopton, supra, the defendant had expressly asserted prejudice in the form of a loss of memory of the events surrounding the alleged offenses. InCarrell, the date of the alleged underlying criminal offense is not stated, but the opinion does explain *Page 278 
that the defendant was initially indicted and arrested more than four years before his eventual conviction. 565 So.2d at 106. InClopton, the underlying criminal offense occurred in January 1988, and the defendant was not tried and convicted until March 1993, a span of 62 months. (See Ex parte Clopton,656 So.2d at 1244; Clopton v. State, 656 So.2d 1239, 1241 (Ala.Crim.App. 1994).)
In both Carrell and Clopton, the defendants timely filed motions seeking a dismissal of the criminal charges brought against them on the ground that their right to a speedy trial had been violated, and a hearing was conducted in each case on the motion. In Carrell it is implicit that the defendant testified at the hearing that he was prejudiced by the delay because his memory had faded. ("He testified that, prior to his arrest, he did not know that the charges were outstanding, and there is absolutely no evidence that he knew that he had been reindicted on the same charges that had been previously dismissed. . . . [T]he defendant contends that he was prejudiced by the delay because, he says, his memory has faded." 565 So.2d at 108.) InClopton, it is clear that the defendant gave testimony to that effect:
 "At that hearing [on the defendant's motion to dismiss], Clopton indicated that during the delay he had had a memory loss that prejudiced his ability to defend himself at a trial of the case. He indicated that because of the delay he had no recollection as to the events that might be relevant at trial or as to the identity of any potential defense witnesses as to relevant events in 1988."
656 So.2d at 1245.
By way of contrast, as Walker acknowledged in her petition to this Court for the writ of certiorari, the trial court stated in its order denying her motion to dismiss that "it would grant the [m]otion if there was any evidence of actual prejudice to [Walker]. . . ." (Petition, p. 22.) In its unpublished memorandum affirming the trial court's judgment, the Court of Criminal Appeals stated:
 "In her motion to dismiss, [Walker] made only a general allegation that her ability to present a defense had been prejudiced. In its order denying the motion, the trial court stated: `In this case, [Walker] argues that the delay is presumptively prejudicial but offers no evidence that the delay has led to any other impediment or unfairness. . . . As in Barker v. Wingo, there is no claim here that the delay has caused witnesses for the defense to become unavailable.'"