991 So.2d 304 (2006)
STATE of Alabama
v.
Earl Thomas SMITH.
CR-03-1549.
Court of Criminal Appeals of Alabama.
September 29, 2006.
Order Affirming on Return to Remand September 28, 2007.
Rehearing Denied October 26, 2007.
Certiorari Denied March 7, 2008 Alabama Supreme Court 1070211.
Troy King, atty. gen., and John M. Porter, asst. atty. gen., for appellant.
Phillip D. Mitchell, Decatur, for appellee.
*305 McMILLAN, Presiding Judge.
This is a pretrial appeal by the State of Alabama challenging the dismissal of charges of theft of property in the second degree filed against the appellee, Earl Thomas Smith.
The record indicates that Smith was accused of accepting and cashing a check drawn on the account of S.D. Swander for $325 as an advance partial payment for repairs Smith agreed to make to Mr. Swander's home without returning to Mr. Swander's home or ever performing or completing any work for Mr. Swander. Smith cashed the check on March 25, 1996. On June 27, 1996, an arrest warrant was issued against Smith alleging that he had committed the offense of theft of property in the second degree. The arrest warrant was executed on September 3, 2003, more than seven years after its issuance.
An indictment was returned against Smith and filed in court on December 3, 2003. On March 17, 2004, Smith's retained counsel filed a plea of not guilty and a waiver-of-arraignment form in response to the indictment. On April 14, 2004, Smith filed his demand for a speedy trial and a motion to dismiss the indictment, alleging, among other grounds, that the delay between the date of the issuance of the arrest warrant and the date of the indictment violated his rights to due process and a speedy trial. Following a hearing on the motion to dismiss the indictment, the circuit court stated:
"All right. I'm going to dismiss the indictment. There is a seven and a half year delay between the time of the alleged offense in March, 1996 and the time the case was presented to the grand jury in the December Term, 2003. There is no reasonable explanation as to the delay and why it occurred. I find that would be presumptively prejudicial to the defendant."
(R. 18.)
The State does not dispute the trial court's finding that the length of the delay was presumptively prejudicial. Rather, the State argues that the trial court failed to consider and weigh the three remaining factors set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The Sixth Amendment to the United States Constitution guarantees an accused the right to a "speedy and public trial" in all criminal prosecutions.[1] "A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins." United States v. MacDonald, 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).
"In regard to any claims by a defendant that his constitutional right to a speedy trial has been violated, a court must look at the specific facts and circumstances surrounding the particular claims and apply the four-part test set out in the landmark case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)."
Lofton v. State, 869 So.2d 533, 536 (Ala. Crim.App.2002).
In Barker, the United States Supreme Court set out the following four factors to be considered in determining whether a defendant has been deprived of the right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant resulting from the delay. "The length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively *306 prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530, 92 S.Ct. 2182.
"In Alabama `[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrantwhichever is earlierto the date of the trial.' Roberson [v. State], 864 So.2d [379,] 394 [(Ala.Crim.App.2002)]. Cf. § 15-3-7, Ala.Code 1975 ('A prosecution Cay be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender.'); Rule 2.1, Ala. R.Crim. P. (`All criminal proceedings shall be commenced either by indictment or complaint.')."
Ex parte Walker, 928 So.2d 259, 264 (Ala. 2005).
The length of delay in this case, dating from the issuance of the arrest warrant to the time of trial clearly was presumptively prejudicial and triggered the necessity for the trial court to examine the remaining factors under Barker v. Wingo, supra.
"A finding that the length of delay is presumptively prejudicial `triggers' an examination of the remaining three Barker factors. 505 U.S. at 652 n. 1, 112 S.Ct. 2686 (`[A]s the term is used in this threshold context, "presumptive prejudice" does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry.'). See also Roberson v. State, 864 So.2d 379, 394 (Ala.Crim.App.2002)."
Ex parte Walker, 928 So.2d at 263-64.
In the present case, the trial court should have examined the remaining factors set out in Barker v. Wingo, supra, before concluding that Smith was denied his right to a speedy trial. Therefore, this cause is due to be remanded to the trial court for proceedings consistent with this opinion. A return should be filed with this Court within 42 days of this opinion.
REMANDED WITH INSTRUCTIONS.
WISE, J., concurs.
BASCHAB, J., concurs specially, with opinion.
SHAW, J., dissents, with opinion, which COBB, J., joins.
BASCHAB, Judge, concurring specially.
At first glance, the dissent's argument that the trial court dismissed this case based on preindictment delay rather than on speedy trial grounds appears to be correct. As the United States Supreme Court explained in United States v. Loud Hawk, 474 U.S. 302, 310-11, 106 S.Ct. 648, 653-54, 88 L.Ed.2d 640 (1986):
"The Court has found that when no indictment is outstanding, only the `actual restraints imposed by arrest and holding to answer a criminal charge ... engage the particular protections of the speedy trial provision of the Sixth Amendment.' United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971) (emphasis added); see [United States v.] MacDonald, [456 U.S. 1,] 9, 102 S.Ct., at 1502 [(1952)]. As we stated in MacDonald: `The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.' 456 U.S., at 8, 102 S.Ct., at 1502."
*307 However, as the majority correctly notes, in Ex parte Walker, 928 So.2d 259, 264 (Ala.2005), the Alabama Supreme Court held:
"In Alabama `[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrantwhichever is earlierto the date of the trial.' Roberson [v. State], 864 So.2d [379,] 394 [(Ala.Crim.App.2002)]. Cf. § 15-3-7, Ala.Code 1975 ('A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender.'); Rule 2.1, Ala. R.Crim. P. (`All criminal proceedings shall be commenced either by indictment or by complaint.')."
It appears that the United States Supreme Court would conclude that execution rather than issuance of an arrest warrant before the return of an indictment would trigger a speedy trial analysis and that therefore a preindictment delay analysis would be appropriate in this case. At various times, this court has held that the issuance of an arrest warrant before the return of an indictment would trigger a speedy trial analysis, see, e.g., Jackson v. State, 650 So.2d 593 (Ala.Crim.App. 1994); O'Barr v. State, 639 So.2d 533 (Ala. Crim.App.1993); State v. Woods, 600 So.2d 425 (Ala.Crim.App.1992), and that the date of arrest, or execution of an arrest warrant, before the return of an indictment would trigger a speedy trial analysis, see, e.g., State v. Johnson, 900 So.2d 482 (Ala.Crim.App.2004); Bishop v. State, 656 So.2d 394 (Ala.Crim.App.1994); Nickerson v. State, 629 So.2d 60 (Ala. Crim.App.1993). Whether intentionally or inadvertently, the Alabama Supreme Court appears to have gone beyond what the United States Supreme Court requires and held that the issuance of an arrest warrant, if it precedes an indictment, triggers a speedy trial analysis. In light of the Alabama Supreme Court's specific statement in Walker that the length of delay for speedy trial purposes is measured from the date of the issuance of an arrest warrant, if it precedes an indictment, the majority correctly concludes that a speedy trial analysis is appropriate in this case. Therefore, I concur with the majority opinion.
SHAW, Judge, dissenting.
In his motion to dismiss, Earl Thomas Smith requested dismissal of his indictment on both due-process and speedy-trial grounds.[2] On appeal, the State argues, and the majority concludes, that the trial court dismissed Smith's indictment on speedy-trial grounds. I disagree. The trial court specifically stated that it was dismissing the indictment because of the "seven and a half year delay between the time of the alleged offense in March, 1996, and the time the case was presented to the grand jury in the December Term, 2003." (R. 18.) The date of the offense is irrelevant in determining whether a defendant has been afforded a speedy trial and, in this particular case, when the arrest warrant was issued on June 27, 1996, triggering the prosecution against Smith, the date of the indictment is likewise irrelevant to a speedy-trial analysis. The date of the offense and the date of indictment are relevant in this case only to a preindictment-delay *308 due-process analysis. Thus, based on the trial court's specific findings, I believe the trial court dismissed the indictment on the ground of excessive preindictment delay.[3]
In its brief on appeal, the State makes no argument regarding preindictment delay; its sole argument is that this Court should remand this case for the trial court to make specific findings of fact regarding the remaining three factors set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for determining whether a defendant has been denied his or her right to a speedy trial. However, because the trial court did not dismiss the indictment on speedy-trial grounds, the State's argument is moot and, because the State does not argue that the trial court's finding of preindictment delay was error, there is nothing for this Court to review. Therefore, I would affirm the trial court's judgment.
Accordingly, I respectfully dissent.
COBB, J., concurs.

On Return to Remand
McMILLAN, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
SHAW, WISE, and WELCH, JJ., concur.
BASCHAB, P.J., dissents, with opinion.
BASCHAB, Presiding Judge, dissenting.
The trial court did not comply with this court's remand instructions. Therefore, I respectfully dissent.
NOTES
[1] See also Art. I, § 6, Ala. Const.1901.
[2] Smith also requested dismissal on numerous other grounds, none of which are implicated in this appeal.
[3] The fact that the trial court used the term "presumptively prejudicial," a term normally associated with speedy-trial issues, does not affect my view. To hold that the trial court dismissed the indictment on speedy-trial grounds requires us to assume that the trial court did not know the law on speedy trial, i.e., that the trial court did not know that the right to a speedy trial is triggered by either the issuance of an arrest warrant or an indictment, whichever is earlier (not the date of the offense) and that the period in question ends with the date of trial (not the date of indictment). However, trial judges are presumed to know the law, and I decline to assume otherwise in this case.