WISE, Presiding Judge.
The State appeals from the trial court’s order granting a motion to dismiss the *705 indictments against the appellee, Darrius Mack.
The State argues that the trial court erroneously granted Mack’s motion to dismiss indictments against him on speedy trial grounds. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 38 L.Ed.2d 101 (1972), the United States Supreme Court set forth the following factors that must be weighed when reviewing a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the accused’s assertion of his right to a speedy trial; and (4) the degree of prejudice the accused suffered due to the delay. In Ex parte Walker, 928 So.2d 259 (Ala.2005), the Alabama Supreme Court provided guidance as to the proper application of those factors.
The pertinent dates and events in this case were as follows:
May 29,2003 Mack was arrested for first-degree rape, first-degree sodomy, and first-degree burglary for offenses that occurred on April 22, 2003.
June 11,2003 Mack was arrested for first-degree rape for an offense that occurred on April 8, 2003.
August 15, 2003 The offenses that were committed on April 22, 2003, were waived to the grand jury.
June 11, 2004 Mack was indicted for attempted first-degree rape, first-degree burglary, and first-degree robbery in case number CC-08-0848.
August 5, 2004 There is a certification on the writ of arrest on the indictment in case number CC-08-0848 that it was served on Mack on August 5, 2004.
August 9, 2004 Mack filed a “Motion for a Speedy Disposition” of the detainer against him.
March 28, 2005 Mack filed a “Motion for a Preliminary Hearing.”
AugustU 2005 Mack filed a “Motion for a Speedy Trial and/or Final Disposition” regarding the charges in case number CC-08-0848.
March 10, 2006 Mack was indicted for first-degree rape, first-degree sodomy, and first-degree burglary in case number CC-08-1175.
March 21, 2006 Mack filed a “Motion for Speedy Trial or Dismiss Pending Case,” in ease number CC-08-0848.
December 19, 2006 Mack filed a “Motion of Final Disposition of an Untried Indictment or for a Fast and Speedy Trial of the Same,” in case number CC-08-0848.
May 29, 2007 Mack filed a “Motion for a Speedy Trial and/or Final Disposition” in both cases.
February 11,2008 It appears that a court employee e-mailed a DOC employee as follows: “Please check on Darrius Mack ... He says he’s been served with GJ 04-0600335 and he’s complaining because we have not set a court date for him.... But we have not gotten the served warrant back. Can you please check on this for me.” (C.R. 70.)
April 22, 2008 Mack filed a “Motion to Dismiss for Defect in Commencement.”
July 1, 2008 The executed writ of arrest on the indictment in case number CC-08-0848 was filed with the circuit clerk.
July 2, 2008 The indictment in case number CC-08-0848 was filed with the circuit clerk.
August 14, 2008 The trial court appointed Richard White to represent Mack in ease number CC-08-0848.
September 10, 2008 Mack was served with the indictment in case number CC-08-1175.
September 11, 2008 The executed writ of arrest on the indictment in case *706 number CC-08-1175 was filed with the circuit clerk, and the case was assigned to the trial court.
September 18, 2008 The trial court conducted a hearing on Mack’s motions to dismiss and dismissed the indictments against him. It also appointed White to represent Mack in case number CC-08-1175 during the hearing.
During the hearing on the motions to dismiss, defense counsel indicated that Mack had just been served with the indictment in case number CC-08-0848 the week before; that the prosecutor had given him discovery, but he had not read the discovery for both eases; and that he assumed the court would appoint him to represent Mack in that case. Defense counsel then waived reading of the indictment and entered a plea of not guilty in case number CC-08-0848.
Afterward, Ronald McCoy testified that he is employed as an identification officer and custodian of records with the Montgomery County Sheriffs Department. With regard to case number CC-08-0848, he testified that his office received the indictment on June 16, 2004; that his department learned that Mack was already in the custody of the Department of Corrections (“DOC”); that the indictment was mailed to DOC on July 21, 2004; and that DOC placed a hold on Mack in reference to that case on July 28, 2004. McCoy explained that the fact that DOC sent notice that a hold had been placed on Mack indicated that the indictment had been served on Mack sometime between July 21, 2004, and July 28, 2004. He then stated that his office normally did not take any additional action on a case once a hold or detainer is placed with regard to that case.
With regard to case number CC-08-1175, McCoy testified that his office received the indictment on March 14, 2006; that there was a notation in July 2006 that Mack was still in Donaldson Correctional Facility; that Mack’s status was checked on October 17, 2006, and June 12, 2007; that there was a notation on February 6, 2008, that indicated that a hold had been placed on July 28, 2004, with regard to case number CC-08-0848; that the indictment was sent to DOC to be served on June 23, 2008; and that the indictment was served on Mack on September 10, 2008.
The State did not present any witnesses other than McCoy. At the conclusion of McCoy’s testimony, defense counsel argued that the delay in the case had been too long. After noting that he had been incarcerated in DOC on another case, the trial court inquired about why Mack had not been brought before the court at an earlier date. The State indicated that it did not know why; that Mack apparently “fell through the cracks of the judicial system”; and that they had checked on case number CC-08-1175, but Mack was not served until the previous week. (R. 16.)
Defense counsel then started addressing the Barker factors, stating that it believed that the indictment in case number CC-08-0848 was timely served on Mack, but that the indictment in case number CC-08-1175 was not served until shortly before the hearing date, even though the State knew he was incarcerated in DOC. Defense counsel argued that there was not any evidence that the delay in bringing him before the court was justified. However, he conceded that the delay was negligent rather than intentional. Defense counsel also made brief references to memory loss, the loss of exculpatory evidence, and the age of one of the victims.
After hearing defense counsel’s argument, the trial court stated:
*707 “Well, that is their fault. They didn’t bring him back. I mean, [prosecutor], how are you guys going to overcome that? I mean, that’s a — four years, well, almost going on five actually.”
(R. 22.) The State conceded that the delay was lengthy. The trial court interrupted the response and stated that the delay was “very lengthy” and that “these are really serious cases” that need to be “done quickly while we’ve got good memories.” (R. 22.) The State agreed that the cases were serious cases and asserted that it had witnesses and evidence and was ready to proceed to trial. The trial court responded: “But how could the DA’s office drop the ball on two very serious cases? I mean, that’s inexcusable.” (R. 23.)
Thereafter, the following occurred:
“THE COURT: But, I mean, the fact that they are so serious just amplifies it for the DA’s office; why would we not be getting him here five years ago.
“I mean, I know you weren’t there, [prosecutor]. But this is — I mean, this is a major faux pas on the part of the DA’s office.
“[PROSECUTOR]: Judge, I would like to say that although we are — the State is at a bit of fault, that it was the clerk’s office that failed to docket it on your trial docket. Once they get a letter back from the sheriffs office, it’s a portion of their responsibility to make sure that it’s docketed. And although the length of delay is extremely long, there are three other prongs that we haven’t discussed — ”
(R. 24.) Defense counsel then argued that the length of the delay was four years, that the reason for the delay was negligence, and that Mack had been asserting his right to a speedy trial since 2006. The State responded that it had only one letter from Mack.
At that point, the trial court stated:
“Well, the problem is, [prosecutor], you know — and, Mr. Mack, these are serious cases. And, you know, you stand there innocent. I don’t know, you know, if you’re guilty or not. That’s not what we’re here about. This is a motion for speedy trial. But the Court has to follow the law, and I think both of these cases are due to be dismissed. I think [defense counsel] is due to have his motion granted, and this is totally the ball dropped on the part of the DA’s office. But the Court has to follow the law.”
(R. 25-26.)
The State then asked for and obtained permission to continue to make its argument for the record, specifically arguing that the defense had not made any showing of prejudice to Mack. With regard to case number CC-08-0848, the court found that Mack showed prejudice from “the age of the victim, the memory loss, that it’s been four years.” (R. 28.) With regard to case number CC-08-1175, defense counsel explained that he was not as familiar with the facts because he had just received the discovery that week and had just been appointed to represent Mack on that case. However, he argued that Mack was prejudiced because memories fade over four years, and the trial court appeared to agree with him. Defense counsel then called Mack to testify for purposes of the hearing.
Mack testified that he had been incarcerated in Donaldson Correctional Facility for nearly six years; that he was served with the indictment in case number CC-08-0848 in 2004; and that he was served with the indictment in case number CC-08-1175 in 2008 while he was incarcerated at the county jail. He also stated that he had filed about eight motions for a speedy trial, including a petition he filed in the Alabama Court of Criminal Appeals and a *708 civil lawsuit he filed against Montgomery County based on the failure to take him to trial, since he got notice of the charges in 2004.
Afterward, defense counsel argued that the State did not do anything to bring Mack to trial even after he asked it to and that the State had clearly violated Mack’s right to a speedy trial. The trial court agreed, stating, “I mean, I think you’re due to have it granted under the law. And I’m going to grant it on both cases.” (R. 32.)
The State then asked for and obtained permission to respond to the defense’s argument, even though the trial court had already made its decision. It agreed that the delay was lengthy, but argued that there have been cases in which such a delay has been found not to be too long. Regarding the reason for the delay, the prosecutor asserted, “I can’t give you anything beyond the clerk’s office. I agree the State dropped the ball, but, again, it is a four-prong test.” (R. 33.) The State also indicated that it had only one assertion of the right to a speedy trial and that it was dated in 2007. The prosecutor further argued that the defense had not made any assertions of prejudice.
Finally, the trial court stated:
“Well, what we are going to do, like I said, I think, legally, they are both due to be dismissed. But, [prosecutor], ... let’s see what the Courts down the street say.
“And, you know, I’ll be honest with you, Mr. Mack, I hope they reverse me and bring them back, you know, because they are serious cases, and, you know, they need to be [disposed] of properly. But I’ve got to follow the law, and I think [defense counsel] is correct under the law. I think they’re due to be dismissed because they have violated your right to a speedy trial.”
(R. 35-36.)
Defense counsel then sought and obtained permission to make further arguments about case number CC-08-1175 at a later date because the indictment had just recently been served on Mack and he had just obtained discovery and been appointed to represent Mack on that case. The trial court conducted an additional hearing in this matter on October 18, 2008, to allow defense counsel to establish how Mack had been prejudiced by the delay in getting the cases before the court. However, this court struck the record of those proceedings, noting that the trial court did not have the authority to conduct the proceedings because this court had jurisdiction over the case at that time.
From the limited record before us, we cannot properly review the propriety of the trial court’s ruling on Mack’s motion to dismiss in light of Ex parte Walker, supra, and Barker, supra. The reasons for the delay are not all clear, presumably because the prosecutor who represented the State during the hearing had not been assigned to the cases from their inception. Also, the State had only one of the motions seeking a speedy trial that Mack purportedly filed. Further, as he noted during the hearing, defense counsel did not have an adequate opportunity to present any evidence about prejudice to Mack because he had just been appointed to represent Mack on case number CC-08-1175. And, in fact, the trial court conducted a hearing later for that very purpose. Finally, the record does not affirmatively indicate that the trial court weighed each of the factors as required by Barker and Walker. Rather, the trial court stated that it was going to dismiss the case and, thereafter, it allowed the parties to present any additional evidence and argument they wished to present as to the various Barker factors.
*709 Accordingly, we remand this case for the trial court to make specific, written findings of fact as to each Barker factor with reference to the principles set forth by the Alabama Supreme Court in Ex parte Walker, supra. See generally Coventry v. State, 903 So.2d 169 (Ala.Crim.App.2004); Parris v. State, 885 So.2d 813 (Ala.Crim.App.2001). If it determines that it needs to conduct a hearing to take additional evidence or hear additional arguments, the trial court may do so. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact; a transcript of any additional hearing; and copies of any additional documents or evidence that may be submitted to the trial court.
REMANDED WITH INSTRUCTIONS.*
WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.

 Note from the reporter of decisions: On July 24, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 25, 2009, that court denied rehearing, without opinion. On August 6, 2010, the Supreme Court denied certiorari review, without opinion (1081810).